IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JERRY D. BRUCE, | Civil No. 04-1310-AA |
| | OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Sharon Maynard
Swanson, Thomas & Coon
820 SW Second Street, Suite 200
Portland, Oregon 97204
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neal Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

L. Jamala Edwards
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

   Claimant, Jerry Bruce, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1   - OPINION AND ORDER

judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and for Supplemental Security Income (SSI) disability benefits under Title XVI. 42 U.S.C. §§ 401-33, 1381-1383f. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed his application for DIB and SSI benefits on December 1, 1998. Tr. 17. His applications were denied initially, and upon reconsideration. Tr. 17, 26-29. On May 23, 2000, plaintiff appeared before an Administrative Law Judge (ALJ). The ALJ found a closed period of disability beginning June 3, 1997, to July 19, 2000. Tr. 17.

On December 18, 2001, plaintiff filed the current Title II and XVI applications. Tr. 267-69, 442-45. These applications were denied as were his requests for reconsideration. Tr. 233-34. On September 3, 2003, plaintiff appeared before a second ALJ who on March 23, 2004, denied plaintiff's request for benefits. Tr. 14-24. The Appeals Council denied plaintiff's request for review, tr. 10-12, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481.

## STATEMENT OF THE FACTS

Plaintiff's medical and employment history are set out in detail by the ALJ. Tr. 17-24. This court accepts the ALJ's thorough recitation of plaintiff's medical history, and therefore will not repeat it here.

///

2   - OPINION AND ORDER

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

3   - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

The ALJ found at Step One that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 23. See 20 C.F.R. §§ 404.1520(b), 416.920(b). At Step Two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease of the right hip,

4   - OPINION AND ORDER

depression with anxiety, and a personality disorder. Tr. 20, 23. See 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 23. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

The ALJ next determined that the plaintiff had a residual functional capacity for a modified range of light exertion in that he could stand/walk for two hours in an eight-hour day, sit for six hours in an eight-hour day, occasionally climb, stoop, crouch, or crawl, and could not frequently balance and kneel. Tr. 22. Plaintiff was also found to have slight limitations in his ability to understand, remember, and carry out detailed instructions; interact appropriately with the general public and co-workers; and respond appropriately to changes in a routine work setting. Id. Plaintiff had moderate limitations in his ability to interact appropriately with supervisors and in his ability to respond appropriately to work pressures in a typical work setting. Id. Plaintiff was limited to unskilled work activities. Id.

At Step Four, the ALJ found that plaintiff was not able to perform his past relevant work within the residual functional limitations noted above. Tr. 23. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Finally, at Step Five, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy as a parking lot attendant, produce sorter, and small products assembly. Tr. 24. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)94)(v), 416.920(g).

5   - OPINION AND ORDER

Plaintiff objects only to the ALJ's assessment of his lay witness testimony and asserts that the ALJ erred by "improperly discrediting the testimony" of his wife. Plaintiff's wife completed a third-party questionnaire and testified at the September 3, 2003, hearing. Tr. 31-21, 522-31. The parties agree that an ALJ must give reasons germane to each lay witness to reject that witnesses testimony. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). I note, however, that an ALJ need not discuss or reject non-probative evidence and may reject lay evidence when it conflicts with the medical evidence. Vincent ex rel. v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

The ALJ first found that the lay witnesses testimony was not probative. The lay witness testimony summarized the testimony that the ALJ had already heard from the plaintiff when he testified at the hearing. Further, the ALJ found that the plaintiff was not completely credible as the record contained evidence of plaintiff's non-compliance with treatment, exaggeration, and questionable responses to testing. Tr. 22, 373, 383, 438. Second, the ALJ noted that the objective medical evidence did not support the testimony or statements of the lay witness. Tr. 22. Plaintiff was given a questionable diagnosis of back pain as testing was negative, questioned the validity of gait instability, walked with a cane in an "exaggerated" fashion, and failed to complete physician recommended testing for his pain complaints. Tr. 373, 383. Further, plaintiff's psychological testing revealed that plaintiff was exaggerating his difficulties. Tr. 438. The ALJ reasonably found that this evidence does not support the debilitating symptoms alleged by

6   - OPINION AND ORDER

plaintiff and by the lay witness testimony.

The ALJ, while he considered the lay witness' testimony, ultimately found that she was not knowledgeable in the medical and/or vocational fields and thus was unable to render opinions on how plaintiff's impairments impact his overall abilities to perform basic work activities. Tr. 22. The ALJ must consider lay witness evidence, however, the ALJ is responsible for resolving conflicts and ambiguities in the evidence. <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001).

In sum, I find that the ALJ properly considered the lay witness testimony and rejected that testimony by providing reasons that were germane to the witness. Contrary to plaintiff's assertion, the lay witness testimony did not merit a greater reduction in plaintiff's residual functional capacity than that assigned by the ALJ on the basis of plaintiff's supported impairments.

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this __25__ day of April 2006.

                              /s/ Ann Aiken
                                Ann Aiken
                    United States District Judge

7   - OPINION AND ORDER